**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JUSTIN DANIEL LOUGH,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN, FCI FORT DIX,**<br><br>**Respondent.** | **Civil Action No. 25-15906 (RK)**<br><br>**MEMORANDUM & ORDER** |

This matter is before the Court on Petitioner's habeas Petition brought pursuant to 28 U.S.C. § 2241. For the reasons explained herein, the matter is dismissed as MOOT.

The Petition alleges that Petitioner was denied First Step Act credits, and he asks this Court to order the Bureau of Prisons ("BOP") to release him to home confinement or to supervised release. (ECF No. 1. Petition at 2.) When Petitioner filed the instant Petition, he was serving a federal sentence at Fort Dix FCI. The Federal Bureau of Prisons Inmate Locator indicates that he has not been in BOP custody since August 14, 2026.[1] Moreover, Petitioner updated his address to what appears to be a private address, which suggests that he was released to home confinement or early supervised release no later than October 22, 2025. (*See* ECF No. 2.)

When a prisoner is challenging the BOP's execution of his sentence in a petition for writ of habeas corpus, the petition becomes moot if the prisoner completes his term of imprisonment before the habeas proceedings have concluded. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998); *Lane v. Williams*, 455 U.S. 624, 631-34 (1982); *Burkey v. Marberry*, 556 F.3d 142, 147-48 (3d

[1] See https://www.bop.gov/inmateloc/ (last visited November 12, 2026).

Cir. 2009). This rule stems from the well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. *Spencer*, 523 U.S. at 7; *Burkey*, 556 F.3d at 147. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . the parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). As such, if developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. *Burkey*, 556 F.3d at 147 (citing *Spencer*, 523 U.S. at 7).

A continuing controversy requires (1) a collateral injury (2) that is "likely" to be redressed by the court's decision. *See, e.g., Spencer*, 523 U.S. at 7-8 (quoting Lewis, 464 U.S. at 477); *Burkey*, 556 F.3d at 147-51. Courts often presume that a wrongful conviction has collateral consequences that likely can be remedied by a favorable decision from a habeas court. *Id.* However, where, as here, a petitioner is challenging the execution of his sentence and not the lawfulness of his underlying conviction, the petitioner has the burden of demonstrating that he has sustained a collateral injury to order to avoid having his case dismissed on mootness grounds. *Id.*; *Burkey*, 556 F.3d at 148 ("Where . . . the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven."). However, a purported delay in the commencement of a prisoner's term of supervised release as a result of alleged over-incarceration is not a sufficient continuing injury to avoid mootness in this case. *See Burkey*, 556 F.3d at 147-51.

Because Petitioner has been released from BOP custody, he no longer has the requisite "personal stake" in the outcome of the litigation. *Id.*; *Spencer*, 523 U.S. at 7. Accordingly, there

is no case or controversy for this Court to consider, and the Petition is dismissed without prejudice as moot.

**IT IS, THEREFORE**, on this 13th day of November 2026,

**ORDERED** that this matter is dismissed WITHOUT PREJUDICE as MOOT in light of Petitioner's release from BOP custody; and it is further

**ORDERED** that the matter shall be marked CLOSED, and a copy of this Memorandum & Order shall be sent to Petitioner at the address on file.



ROBERT KIRSCH
United States District Judge